UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ZENG YING HUANG, a.k.a. Kevin Chan,

                      Petitioner,

v.

JULIETTE KAYYEM, Assistant Secretary for
  The Department of Homeland Security and
  U.S. Immigration and Customs Enforcement and
  U.S. Citizenship and Immigration Services,
  divisions of Department of Homeland Security, and
The United States of America,

                      Respondents.[1]

**REPORT
and
RECOMMENDATION**

08-CV-538S(F)

---

APPEARANCES:        LORNE J. KELMAN, P.C.
                          Attorney for Petitioner
                          LORNE J. KELMAN, Esq., of Counsel
                          20 East Sunrise Highway
                          Suite 200
                          Valley Stream, NY 11581

                          KATHLEEN M. MEHLTRETTER
                          Acting United States Attorney
                          Attorney for Respondents
                          GAIL Y. MITCHELL
                          Assistant United States Attorney, of Counsel
                          Federal Centre
                          138 Delaware Avenue
                          Buffalo, New York 14202

## JURISDICTION

Petitioner commenced this action seeking relief pursuant to 28 U.S.C. § 2241, and a writ of mandamus pursuant to 28 U.S.C. § 1361, on June July 23, 2008. On

---

[1] Pursuant to Fed.R.Civ.P. 25(d)(1), Assistant Secretary of Homeland Security Juliette Kayyem is automatically substituted for former Assistant Secretary of Homeland Security Julie L. Myers. The court further notes that the person with direct control over Petitioner's detention, Charles Mule, Facility Director for the Buffalo Federal Detention Facility, is the proper respondent in this habeas proceeding.

October 28, 2008, the case was referred to the undersigned by Honorable William M. Skretny for all proceedings necessary for a determination of the factual and legal issues presented, including preparation of a report and recommendation on the disposition of the case. The matter is presently before the court on Respondent's motion to dismiss (Doc. No. 6), filed September 18, 2009.

## BACKGROUND

On July 23, 2008, Petitioner Zeng Ying Huang, also known as Kevin Chan ("Petitioner"), a native and citizen of People's Republic of China ("China"), filed this petition ("Petition"), commencing this habeas proceeding challenging his continued detention without release on bond, and seeking mandamus relief in connection with Petitioner's pending administrative immigration proceedings. On September 18, 2008, Respondents filed their Answer and Return (Doc. No. 4) ("Answer and Return"), attached to which is the Declaration of George F. Scott ("Scott"), a Deportation Officer with the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE") ("Scott Declaration").

Also filed on September 18, 2008 is Respondents' Motion to Dismiss (Doc. No. 6) ("Respondents' motion"), and a Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus and Writ of Mandamus and in Support of Motion to Dismiss the Petition for Lack of Jurisdiction (Doc. No. 5) ("Respondents' Memorandum"). Although by order filed November 6, 2008 (Doc. No. 8), Petitioner was given until December 5, 2008 to file a response in opposition to Respondents' motion, to date, no such response, nor any reply in further support of habeas relief, has been filed. Oral

argument was deemed unnecessary.

Based on the following, Respondents' motion to dismiss should be GRANTED; the Petition should be DISMISSED.

## **FACTS**[2]

Petitioner Zeng Ying Huang, also known as Kevin Chan ("Petitioner"), a native and citizen of People's Republic of China ("China"), entered the United States at an unknown place and unknown time. Exh. A[3] at 29-30.[4] On November 5, 2007, Petitioner was a passenger in a vehicle that was involved in an accident on Interstate 81 in Jefferson County, New York. When the Jefferson County Sheriff Deputy ("the Deputy Sheriff") who responded to the accident determined that neither Petitioner nor the other passenger in the vehicle had any identification and could not speak English, the Deputy Sheriff contacted the United States Border Patrol at the Wellesley Island Border Patrol Station ("the station"), and a Border Patrol agent ("the Border Patrol agent"), responded to the scene of the accident. With the assistance of a Chinese interpreter who came to the scene of the accident to assist the Border Patrol agent, Petitioner advised, in Chinese, that he did not possess any immigration documents to be legally in the United States. Exh. A at 10. Petitioner and the other passenger voluntarily accompanied the Border Patrol agent to the station for processing but, upon arriving at the station, both

---

[2] The Facts are taken from the pleadings and motion papers filed in this action.

[3] References to "Exh. A at __" are to the particular page of copies of pertinent records from the DHS files pertaining to Huang, attached as Exhibit A to the Scott Declaration.

[4] Petitioner maintains that on August 4, 2007, he entered the United States at Texas from Mexico after having traveled from Beijing, China to Thailand and then Guatemala, Mexico. Exh. A at 29-30.

Petitioner and the other passenger became uncooperative, refusing to provide biographical information to verify their identities, and claiming they faced harm if returned to China.

By a Notice to Appear and Warrant of Arrest dated November 5, 2007, Petitioner was charged pursuant to Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), with being subject to removal as an alien present in the United States without being admitted or paroled after inspection by an Immigration Officer. Exh. A at 7-9. Also on November 5, 2007, Petitioner was served with a Notice of Custody Determination, Exh. A at 2, received into DHS custody, and was detained without bond at the Buffalo Federal Detention Center in Batavia, New York where he remains to date pending resolution of administrative immigration removal proceedings.

On November 16, 2007, Petitioner, then represented by Gerald Karikari, Esq., moved for the administrative Immigration Court to release Petitioner on $ 3,000 bond, asserting Petitioner's cousin in New York was willing to sponsor Petitioner and provide Petitioner with a place to live, that there was no evidence Petitioner would be a poor bond risk because Petitioner was eager to live in the United States, and that Petitioner's lack of any criminal record indicated Petitioner was not a threat to society or to the United States government. Exh. A at 13-14. On November 28, 2007, Petitioner requested a redetermination of his custody status by an Immigration Judge ("IJ"). On December 4, 2007, following a bond hearing, the IJ made a custody determination ("the IJ's decision"), denying Petitioner's November 16, 2007 motion requesting release on bond and deeming Petitioner an "extreme flight risk" because Petitioner had paid a "very substantial" $70,000 smuggling fee. Exh. A at 3-4, 33-34. Petitioner timely appealed

the IJ's decision to the Board of Immigration Appeals ("BIA").  On January 28, 2008, the BIA affirmed the IJ's decision on both bond and custody ("BIA's decision").  Exh. A at 5-6.

On March 6, 2008, Petitioner filed an I-589 Application for Asylum and for Withholding of Removal ("I-589 asylum application"), asserting that Petitioner was a member of a Christian Church in China that was not approved by the Chinese government, that when his Chinese church was destroyed by Chinese government officials, Petitioner attempted, but was denied membership in the official government Christian Church, after which Petitioner decided to enter the United States so that he could freely practice his religion, and that he faced religious persecution if returned to China.  Exh. A at 16-32.

On July 27, 2008, Petitioner, represented by current legal counsel Lorne J. Kelman, Esq. ("Kelman"), filed with DHS an application for release on parole or bond, asserting that Petitioner is neither a flight risk nor a danger to society, Petitioner has a strong work ethic, if released, Petitioner would immediately obtain employment to support himself pending resolution of his asylum application, and that Petitioner's continued detention has interfered with Petitioner's ability to effectively pursue his asylum claim.  Exh. A at 33-35.  By letter dated August 20, 2008, DHS denied Petitioner's request for release on bond or parole finding no significant information or change in circumstances warranted any variance from the prior bond and custody determinations, and further advising that Petitioner is statutorily ineligible for parole because he was not charged as an arriving alien.  Exh. A at 1.

To date, no decision has been made regarding either Petitioner's I-589 asylum

application or Petitioner's challenge to the removal proceedings which remains pending before an IJ.

## DISCUSSION

Respondents oppose and seek to dismiss the Petition arguing (1) the court lacks subject matter jurisdiction to review Petitioner's challenges to the IJ's decision and the BIA's decision denying Petitioner's request for release on bond because Petitioner fails to state a valid claim of any constitutional violation; and (2) Petitioner fails to state a claim for mandamus relief because the relief sought is discretionary.  Respondents' Memorandum at 3.  Petitioner has not opposed Respondents' motion.

**1.      Jurisdiction**

Respondents maintain the court is without subject matter jurisdiction to review Petitioner's challenges to the IJ's decision, affirmed by the BIA, denying Petitioner's request for release on bond because such claim fails to allege any constitutional violation.  Respondents' Memorandum at 4-12.  According to Respondents, the court lacks jurisdiction to review Petitioner's removal proceedings, which are not yet complete.  *Id*. at 4-9.  Respondents further maintain that the court is statutorily without jurisdiction to review the IJ's decision denying Petitioner release on bond pending immigration removal proceedings.  *Id*. at 9-12.  Petitioner has filed nothing in further support of his Petitioner or in opposition to Respondents' motion.

Petitioner alleges that his continued detention without release on bond or parole is in violation of the Suspension Clause, Art. I, § 9, cl. 2, of the Constitution, in

accordance with the Supreme Court's decisions *Zadvydas v. Davis*, 533 U.S. 678 (2001), and *Boumediene v. Bush*, __ U.S. __, 128 S.Ct. 2220 (2008). Petition ¶ 16. At issue *Zadvydas*, however, was the INA's post-removal detention period in DHS custody pursuant to INA § 241, 8 U.S. § 1231 ("§ 1231"), which affords the Attorney General 90 days in which to remove an alien from the United States following entry of a final order of removal. *Zadvydas*, 533 U.S. at 690-91. Further, *Boumediene*, addressed whether detainees at Guantanamo Bay are permitted to petition for habeas relief. *Boumediene*, 128 S.Ct. at 2262. As such, neither *Zadvydas* nor *Boumediene* presents facts similar to those in the instant action.

Rather, here, Petitioner's removal proceedings remain pending before an IJ with no order of removal having yet issued. As such, Petitioner's detention in DHS custody is pursuant to INA § 236, 8 U.S.C. § 1226 ("§ 1226"), by which the Attorney General authorizes the arrest and detention of an alien who has been issued a warrant "pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a), rather than pursuant to § 1231 pertaining to post-removal proceedings detention.

The Supreme Court has held that the continued detention of an alien pursuant to § 1226 "during removal proceedings is a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 518 (2003). Although the period of post-removal order detention under § 1231 is "'indefinite' and 'potentially permanent,'" pre-removal order detention is "of a much shorter duration" with a "definite termination point," *i.e.*, the pending removal proceedings determination. *Demore*, 538 U.S. at 528-29 (citing and quoting *Zadvydas*, 533 U.S. at 690-91). By statute, "[t]he Attorney

7

General's discretionary judgment regarding the application of this section [1226] shall not be subject to review. . . ." 8 U.S.C. § 1226(e). *See Demore*, 538 U.S. at 516-18 (holding 8 U.S.C. § 1226(e) deprives federal courts of jurisdiction to grant habeas relief to aliens challenging their detention under § 1226 pursuant to the Attorney General's discretionary determination, although it does not preclude a challenge in federal courts to the framework permitting an alien's detention under § 1226 without bail). As such, the court is without jurisdiction over Petitioner's challenge to his detention under § 1226 pending removal proceedings.

With regard to Petitioner's challenge to the denial of release on bond or parole, pending a determination on an alien's removal, the Attorney General may either continue the alien's detention, or release the alien on bond or conditional parole. 8 U.S.C. § 1226(a)(1) and (2). Such release on bond or parole may, however, be revoked "at any time" and the alien then rearrested and detained under the original warrant. 8 U.S.C. § 1226(b). Further, although the Attorney General may either continue to detain Petitioner or release him on bond or parole pending a determination of the removal proceedings, such relief is also discretionary and not subject to review by the federal courts. 8 U.S.C. § 1226(e) ("* * * No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."). *See Demore*, 538 U.S. at 516-18.

As such, the court is without jurisdiction over those aspects of the Petition seeking habeas relief based on Petitioner's continued detention pending resolution of the removal proceedings, as well as release on bond or parole. Respondents' motion should be GRANTED and the Petition for habeas relief should be DISMISSED.

**2.     Mandamus Relief**

Petitioner seeks an order of mandamus compelling the IJ to issue a decision on his N-589 asylum application or, alternatively, to issue Petitioner a Notice to Appear before the Immigration Court.  Petition at 4, Prayer for Relief.  Respondents request dismissal of such request, asserting that Petitioner fails to state a claim for mandamus relief to determine his N-589 asylum application and for withholding of removal because Petitioner cannot identify a clear nondiscretionary duty upon which such mandamus action can rest.  Respondents' Memorandum at 12-13.

Although not specified by Petitioner, a request for mandamus relief is made pursuant 28 U.S.C. § 1361 ("§ 1361") which provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  As such, "a writ of mandamus may not be granted pursuant to § 1361 unless there is 'a plainly defined and peremptory duty on the part of the defendant to do the act in question.'"  *McHugh v. Rubin*, 220 F.3d 53, 57 (2d Cir. 2000) (quoting *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989), and citing *City of New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1994) (holding no writ of mandamus shall issue under § 1361 unless "the defendant is under a clear nondiscretionary duty to perform the act requested")).

In the instant case, dismissal of Petitioner's § 1361 claim for mandamus relief is required "because jurisdiction under the mandamus statute is limited to actions seeking to compel the performance of a nondiscretionary duty."  *Duamutef v. I.N.S.*, 386 F.3d 172, 180 (2d Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide

9

a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear *nondiscretionary* duty.") (italics added)). *See also Wan Shih Hsieh v. Kiley*, 569 F.2d 1179, 1182 (2d Cir.) (holding matters entirely within discretion of the INS are not reviewable under the mandamus statute), *cert. denied*, 439 U.S. 828 (1978).

Preliminarily, insofar as Petitioner alleges he is "a Chinese national who is scheduled for imminent removal to his native China . . . ," Petition ¶ 2, the Petition is factually inaccurate because Petitioner's removal proceedings remain pending before the IJ with no order of removal having yet issued. Petitioner fails to controvert that this is an accurate description of his actual legal status. Furthermore, because such a determination by an IJ would be discretionary, the court is without authority to direct the IJ to grant a stay of Petitioner's removal. *See Hanif v. Gantner*, 369 F.Supp. 502, 507-08 (S.D.N.Y. 2005) (denying writ of mandamus petitioner's request for a stay of Petitioner's removal).

Although the IJ responsible for Petitioner's case may owe Petitioner a nondiscretionary duty to adjudicate his N-589 asylum application, the court's research reveals no legal authority requiring the IJ to grant the N-589 asylum application, nor does Petitioner point to any such authority. Accordingly, the court is without jurisdiction to grant Petitioner's request for an order directing that Petitioner's N-589 asylum application be granted.

With regard to Petitioner's alternative request for an order directing Respondent to issue and file a Notice to Appear before the Immigration Court, the record establishes that such an order was issued on November 5, 2007, charging Petitioner, pursuant to

8 U.S.C. § 1182(a)(6)(A)(i), with being subject to removal as an alien present in the United States without being admitted or paroled after inspection by an Immigration officer. As such, this request is moot.

Respondents' motion to dismiss the request for mandamus relief therefore should be GRANTED; the Petition should be DISMISSED insofar as mandamus relief is requested.

## CONCLUSION

Based on the foregoing, Respondents' motion (Doc. No. 6) should be GRANTED; the Petition should be DISMISSED. The Clerk of the Court should be directed to close the case.

Respectfully submitted,

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: June 5, 2009
Buffalo, New York

Pursuant to 28 U.S.C. §636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn,* 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited,* 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Petitioner and the Respondent.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      June 5, 2009
               Buffalo, New York